IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LISA DeNUNZIO BLAIR<br>2303 Willow Brook Drive, NE<br>Warren, OH 44483 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff | )<br>) | |
| vs. | )<br>) | |
| MICHELLE NICOLE FRENCHKO<br>160 High Street NW #5<br>Warren, OH 44481 | )<br>)<br>)<br>) | **COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |
| and | )<br>) | |
| TRUMBULL COUNTY<br>COMMISSIONERS<br>160 High Street NW #5<br>Warren, OH 44481 | )<br>)<br>)<br>)<br>) | |
| Defendants | ) | |

Now comes Plaintiff Lisa DeNunzio Blair ("Plaintiff"), by and through counsel, and for her Complaint against Michelle Nicole Frenchko and the Trumbull County Commissioners states as follows:

## **PARTIES**

1. Plaintiff is a resident of Warren, Trumbull County, Ohio.

2. Defendant Michelle Nicole Frenchko ("Frenchko") is a public officer and resident of Trumbull County, Ohio.

3. Defendant Trumbull County Commissioners ("The Commissioners") is a government office in Trumbull County, Ohio.

4. The events giving rise to this matter occurred at 160 High Street NW #5, Warren, Trumbull County, Ohio 44481.

5. This Court has original jurisdiction over the claims in this Complaint pursuant to 28 U.S.C. § 1331 by Title VII of the Civil Rights Act of 1964.

6. This Court has personal jurisdiction over Defendants because they are residents of this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

8. Plaintiff is and at all relevant times was an assistant clerk with the Trumbull County Commissioners' Office and began work there in November of 2018.

9. At all relevant times, Defendant Frenchko is and was a Trumbull County Commissioner.

## FACTS

10. On January 4, 2021, Frenchko took office as a Trumbull County Commissioner. Frenchko entered office with a list of employees she wanted to remove from their positions, including Plaintiff.

11. Defendant Frenchko has repeatedly made derisive statements regarding Italian Americans critical of Trumbull County employing so many Italians and repeatedly likening Italians to mafia types and organized crime members.

12. Plaintiff is an Italian American.

13. On social media sites, Defendant Frenchko has made comments to the effect that Trumbull County employees are "henchmen," "minions," and "hacks."  She repeatedly referred to

Trumbull County government as a "swamp" and has referred to her staff as "flying monkeys" and other derogatory comments.

14. Plaintiff and other employees of the Trumbull County Commissioner's office complained directly to the Human Resources Department for Trumbull County which then undertook an investigation.

15. Frenchko has also used derisive and derogatory terms when making reference to Italian American employees of Trumbull County including calling them "greasy," "sausage makers" and referring to some employees of the Commissioner's office as being akin to Michael Corleone or Don Corleone from "The Godfather" movie.

16. As a result of the complaints from Plaintiff and others, Richard Jackson, the Director of Human Resources Department for Trumbull County, conducted an investigation and interviewed several employees regarding, including Plaintiff, regarding Frenchko's behavior.

17. As a result of these complaints and the resulting investigation, Frenchko began a campaign of harassment and retaliation against Plaintiff and others in order to make the work environment intolerable in an obvious effort to force Plaintiff and others resign from county employment.

18. This harassment included making cyber-bullying comments on the internet and sending harassing emails to Plaintiff and to others about Plaintiff and to publicly accuse Plaintiff of being a liar.

19. Plaintiff variously complained to her supervisors including the Director of Human Resources, other County Commissioners and various other employees in the office.

20. In retaliation for these complaints, Frenchko intentionally voted "no" on Plaintiff's application to become a permanent "assistant clerk" with the department. This after she had previously instructed Plaintiff to apply for the permanent clerk position in early 2021.

21. Frenchko sent a series of cyber-bullying/harassing emails to Plaintiff and to others about Plaintiff on November 24, 2021; November 29, 2021; December 1, 2021; December 8, 2021; December 22, 2021; December 29, 2021; December 31, 2021; January 4, 2022; January 5, 2022; January 6, 2022; January 27, 2022; January 31, 2022; February 4, 2022; February 8, 2022; February 14, 2022; February 18, 2022; February 21, 2022; April 26, 2022; April 27, 2022; May 3, 2022; May 5, 2022; May 17, 2022; May 20, 2022; May 23, 2022; and May 25, 2022.

22. Frenchko repeatedly videotaped Plaintiff and posted said videos to social media with the specific intent of casting Plaintiff in false and unfavorable and otherwise slandering her and defaming her. Some of these social media posts and videos contained depictions of Plaintiff's children and other family members.

23. On September 8, 2021, the Director of Human Resources published his findings as follows:

> After interviewing, listening and comparing the statements given by these women, it is obvious to me these situations did occur. Many of the same items and concerns were reported by several women. … In my role as Director of Human Resources, I am disappointed in the lack of leadership skills shown by Commissioner Frenchko. From my viewpoint, if it were a department head or other management engaging in these obnoxious behaviors, disciplinary action would be warranted and applied. … The evidence from my investigation supports a claim of a hostile work environment.

## COUNT ONE
## DISCRIMINATION BASED ON NATIONAL ORIGIN/ANCESTRY

24. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 23 as if fully rewritten herein.

25. Frenchko, in her capacity as a Trumbull County Commissioner, made many comments and took actions which demonstrated blatant bigotry towards people of Italian descent in violation of Title VII of the Civil Rights Act of 1964.

26. Plaintiff is of Italian descent and, as an employee of the Trumbull County Commissioner's Office, was subjected and exposed to Frenchko's express and latent anti-Italian statements, attitude and behavior.

27. Frenchko's anti-Italian prejudice and bigotry was expressed to Plaintiff and others in an obvious effort to create a hostile work environment and to force Plaintiff and others of Italian heritage to resign.

28. This behavior included voting against Plaintiff's application to become an "assistant clerk" though she had previously, demanded that Plaintiff apply for the full-time clerk position in an obvious attempt to retaliate against Plaintiff for remaining employed and in denigration of her Italian heritage and further behaviors included making false and defamatory statements about Plaintiff on social media and elsewhere.

29. This behavior included deriding and embarrassing Plaintiff in the media including radio statements, social media, and to others in the Trumbull County Commissioner's office.

30. This behavior included publicly criticizing Plaintiff and her work ethic.

31. This behavior included referring to individuals of Italian descent as "sausage makers," "greasy," and comparing Italian employees of Trumbull County as members of a crime family or related to Michael and Don Corleone from "The Godfather" movie.

32. As a direct and proximate result of Frenchko's hostile and abusive treatment of Plaintiff based on her Italian heritage, Plaintiff has suffered humiliation and emotional damages requiring her to seek mental health treatment.

33. As an employee of the Trumbull County Commissioner's Office, the Trumbull County Commissioners are vicariously liable for the conduct and behavior of Frenchko.

34. As a proximate result of the foregoing, Plaintiff has been damaged and is entitled to compensatory and punitive damages.

## COUNT TWO
## DEFAMATION

35. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 34 as if fully rewritten herein.

36. Frenchko made these statements publicly with knowledge of their falsity or with reckless disregard to the truth of the statements.

37. These false and defamatory statements constitute libel and libel per se under the law.

38. As a direct and proximate result of Frenchko's defamatory statements, Plaintiff was damaged and suffered emotional distress.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff restates and incorporates herein the allegations contained in paragraphs 1 through 38 as if fully rewritten herein.

40. Frenchko acted with the intent to cause emotional harm to Plaintiff by creating a hostile work environment in an attempt to force Plaintiff to resign her employment with Trumbull County.

41. Frenchko displayed conduct towards Plaintiff which was so outrageous so as to shock the conscious of ordinary individuals and acted with the express purpose of causing Plaintiff emotional distress so severe that it could be expected to adversely affect her mental health.

42. Frenchko's conduct constitutes intentional infliction of emotional distress which Plaintiff directly and proximately suffered.

43. Frenchko's conduct is so shocking that Plaintiff is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff requests the following relief on Counts One, Two and Three and that judgment be awarded in her favor against Defendants, jointly and severally, as follows:

a. Damages in excess of $1,000,000.00, the full amount of which will be proven at trial, to cover all loss and damages to Plaintiff;

b. Punitive damages;

c. Court costs, expenses, and reasonable attorney fees; and

d. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to the Ohio Rules of Civil Procedure, Plaintiff demands a trial by jury on any and all issues set forth in this Complaint to the maximum number of jurors permitted by law.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
DENNIS R. FOGARTY (0055563)
**DAVIS & YOUNG**
35000 Chardon Road
Suite 100
Willoughby Hills, OH 44094
Ph: (216) 348-1700
Fax: (216) 621-0602
Email: dfogarty@davisyoung.com
***Attorney for Plaintiff***