ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa DeNunzio Blair, | ) | |
| | ) | CASE NO. 4:22CV1192 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Michelle Nicole Frenchko, et al., | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is a partial motion for judgment on the pleadings (Doc. 7) filed by Defendants Michelle Nicole Frenchko and the Trumbull County Commissioners and a motion for a gag order filed by Plaintiff Lisa DeNunzio Blair. Both motions have been fully briefed, and the Court has reviewed the parties' arguments and applicable law. Upon review, the motion for judgment on the pleadings is GRANTED IN PART AND DENIED IN PART. The motion for a gag order is DENIED.[1]

Fed.R. Civ.P. 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

---

1 Based upon the Court's rulings, Defendants' motion to stay is DENIED AS MOOT. Doc. 9.

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

The Court notes Defendants' motion seeks to have Count 1 dismissed in part and Count 3 dismissed in its entirety. Specifically, Defendants contends that Count 1, a Title VII claim, cannot be maintained against Defendant Frenchko in her individual capacity. Further, Defendants assert that have Count 3, a claim for the intentional infliction of emotional distress, has

been insufficiently pled. The Court now reviews the parties' arguments.

With respect to Count 1, Plaintiff concedes that she cannot maintain a claim against Commissioner Frenchko in her individual capacity. However, Plaintiff asserts that a claim against Commissioner Frenchko in her official capacity is proper and permissible. While such a claim is duplicative of the claim against the Board, the Court finds no prejudice in allowing such an official capacity claim to be maintained. Accordingly, to the extent that the complaint alleges any claim in Count 1 against Commissioner Frenchko in her individual capacity, the motion for judgment on the pleadings is well taken.

Next, Defendants contend that Plaintiff has failed to state a claim for intentional infliction of emotional distress. To prevail on such a claim under Ohio law, a plaintiff must prove: (1) the defendant intended to cause serious emotional distress, (2) the conduct of the defendant was extreme and outrageous, and (3) the conduct of the defendant was the proximate cause of the plaintiff's serious emotional distress. *Phung v. Waste Mgmt., Inc.*, 644 N.E.2d 286, 289 (Ohio 1994); *see Yeager v. Local Union 20*, 453 N.E.2d 666, 671 (Ohio 1983) ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability[.]") (quoting Restatement (Second) of Torts § 46(g) (1965)).

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Stewart v. Suarez Corp. Indus.*, No. 5:15CV1425, 2015 WL 8272951, at *2 (N.D. Ohio Dec. 8, 2015) (quoting *Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993)); *see Simpkins v. Specialty Envelope, Inc.*, 94 F.3d 645 (Table), 1996 WL 452858, at *8 (6th Cir. Aug. 9, 1996) (recognizing that "[i]t is very difficult to show that one has been subjected to the tort of the intentional infliction of emotional distress"). "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has

intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Flagg v. Staples the Office Superstore E., Inc.*, 138 F. Supp. 3d 908, 920 (N.D. Ohio 2015) (quoting *Yeager*, 453 N.E.2d at 671). "Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying, and insulting behavior." *Stewart*, 2015 WL 8272951, at *2 (quoting *Petrarca v. Phar-Mor. Inc.*, No. 2000-T-0121, 2001 WL 1117015 (Ohio Ct. App. Sept. 21, 2001) (further citation omitted)).

"Ohio places a particularly high bar on 'extreme and outrageous' conduct in the employer-employee relationship." *Culler v. Exal Corp.*, 193 F. Supp. 3d 850, 852 (N.D. Ohio 2015) (citing *Jackson v. City of Columbus*, 194 F.3d 734, 744 (6th Cir. 1999) and *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1102 (6th Cir. 2008)). This high bar precludes employees from bringing claims related to their termination, even if based upon discrimination, without proof of something more. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (noting that to hold otherwise would turn "every discrimination claim [into] a cause of action for the intentional infliction of emotional distress").

The Court notes that Defendants do not appear to challenge this aspect of Plaintiff's IIED claim. It appears based upon the above that the complaint fails to allege the type of extreme and outrageous conduct necessary to state an IIED claim. However, as the Court finds that Plaintiff also failed to state a severe and debilitating emotional injury, it need not make a final determination on this aspect of the claim.

Within the complaint, Plaintiff alleges emotional injury in two paragraphs:

32. As a direct and proximate result of Frenchko's hostile and abusive treatment of

> Plaintiff based on her Italian heritage, Plaintiff has suffered humiliation and emotional damages requiring her to seek mental health treatment.
>
> 41. Frenchko displayed conduct towards Plaintiff which was so outrageous so as to shock the conscious of ordinary individuals and acted with the express purpose of causing Plaintiff emotional distress so severe that it could be expected to adversely affect her mental health.

Doc. 1 at 5-6. The Court agrees with Defendants that simply alleging that Plaintiff has sought mental health treatment and that the conduct "could be expected" to affect her mental health falls well short of alleging a serious and debilitating emotional injury. *See Harris v. Pentair Flow Techs., LLC,* No. 1:19-CV-2180, 2020 WL 2558028, at *7 (N.D. Ohio May 20, 2020) (dismissing an IIED complaint in which the "complaint provides simply that Harris has "suffered mental anguish and depression" as a result of Pentair's alleged unlawful actions.") Similar to *Harris*, the complaint's conclusory assertion that Plaintiff suffered emotional damage is insufficient to support an IIED claim. Accordingly, the motion for judgment on the pleadings is well taken with respect to Count 3 of the complaint.

The Court notes two things in closing. First, Defendants have sought to partially strike the prayer for punitive damages. The Court recognizes that punitive damages may not be available for both claims remaining in the complaint, but such damages may be recoverable for the claim of defamation. Accordingly, there is no need for the Court to strike such a request at this time. Second, Defendants appear to take issue with the fact Plaintiff did not make clear in the complaint that she had exhausted her administrative remedies. While the Court believes that it is a better practice to allege such exhaustion, the law does not require it. Moreover, the Court would expect that such an issue could be resolved through the professional communications of counsel. Such a practice would better serve both the Court and the parties to litigation.

Based upon the above, the motion for judgment on the pleadings is GRANTED IN PART

AND DENIED IN PART as detailed herein.

With respect to Plaintiff's request for a gag order, the Court finds the record insufficient to issue such an order.  The Sixth Circuit has noted the high standard that must be met to warrant a gag order:

> As we indicated clearly in the *CBS* case, such broadly based restrictions on speech in connection with litigation are seldom, if ever, justified. Trial judges, the government, the lawyers and the public must tolerate robust and at times acrimonious or even silly public debate about litigation. The courts are public institutions funded with public revenues for the purpose of resolving public disputes, and the right of publicity concerning their operations goes to the heart of their function under our system of civil liberty. The courts have available other less restrictive approaches for insuring a fair trial.

*United States v. Ford*, 830 F.2d 596, 599 (6th Cir. 1987).  Given the public nature of this litigation involving an elected official and a public employee, the Court finds all the more that it must tolerate robust and even acrimonious debate regarding the litigation.  To the extent that Plaintiff contends that statements being made are defamatory, she will have the opportunity in this litigation to amend her claim for defamation to include those statements and any related damages.  However, silencing the parties on all aspects related to this case is simply not supported by the record.  Accordingly, the motion for a gag order is DENIED.

IT IS SO ORDERED.

January 9, 2023                                        */s/ John R. Adams*
Date                                                            John R. Adams
                                                                     U.S. District Judge