UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA DENUNZIO BLAIR, | ) | CASE NO.: 4:22-CV-01192-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE: JOHN R. ADAMS |
| | ) | |
| vs. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS** |
| MICHELLE NICOLE FRENCHKO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants, Michelle Nicole Frenchko and the Board of Trumbull County Commissioners ("Board"), by and through counsel, and hereby move the Court for judgment on the entirety of Plaintiff's Amended Complaint. Count I of Plaintiff's complaint does not state a claim against Commissioner Frenchko individually, neither does it allege a sufficient factual or legal basis on which the Board of Commissioners can be held vicariously liable for the alleged hostile work environment. Counts II (defamation) and III (IIED) also fail to state plausible claims for relief against either Defendant. A brief in support is attached and incorporated by reference.

MEYERS, ROMAN, FRIEDBERG & LEWIS

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN (0064989)
Eton Tower
28601 Chagrin Blvd.
Cleveland, OH 44122
(216) 831-0042
(216) 831-0542– Fax
Email: kminahan@meyersroman.com
*Counsel for Defendants*

{02602640}

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2023, a copy of the foregoing Defendants' Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Kathleen M. Minahan*
KATHLEEN M. MINAHAN (0064989)

*Counsel for Defendants Michelle Nicole Frenchko and Trumbull County Commissioners*

**BRIEF**

I.  **THE COMPLAINT**

Lisa Blair, an assistant clerk currently employed by the Board of Trumbull County Commissioners ("Board"), recently filed an amended complaint asserting three claims: (1) ancestry discrimination in violation of Title VII; (2) defamation; and (3) intentional infliction of emotional distress. It is unclear whether Plaintiff is asserting all three claims against both Defendants.

II. **STANDARD OF REVIEW**

Fed.R.Civ.P. 12(c) provides that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." The Rule 12(c) standard is the same as the standard under Rule 12(b)(6). *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp., a Div. of Reed Elsevier Grp., PLC*, 463 F.3d 478, 487 (6th Cir. 2006).

Fed.R.Civ.P.(b)(6) permits dismissal of a case where the complaint fails to state a claim upon which relief may be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirectTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). Dismissal is appropriate when the plaintiff has failed to offer sufficient factual allegations to make the asserted claim plausible on its face. *Id.* at 570. A claim

is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III. LAW AND DISCUSSION

### A. PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A TITLE VII CLAIM AGAINST EITHER DEFENDANT.

#### 1. As a Matter of Law, Plaintiff cannot state a Title VII claim against Commissioner Frenchko Individually.

Count I of Plaintiff's complaint fails to state a claim against Commissioner Frenchko because there is no individual liability under Title VII. *Alessio v. United Airlines, Inc.*, No. 5:17-cv-1426, 2018 WL 902334, at *4 (N.D. Ohio Feb. 15, 2018); *Sack v. Barbish*, No. 1:21-CV-00364-PAB, 2021 WL 4148725, at *4 (N.D. Ohio Sept. 13, 2021). This is because "supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination."[1] *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (citing *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997)).

Commissioner Frenchko is one of three members of the Board that employs Plaintiff, but that does not change the Title VII analysis. *Smith v. Lomax*, 45 F.3d 402 (11th Cir. 1995) (single member of board of commissioners could not be held liable as employer under Title VII); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) ("As to individual liability, there is no sound reason to read the Disabilities Act any differently from this Court's reading of Title VII and the Age Discrimination Act. The County Commissioners could not be held liable in their individual capacities for any violation of the Disabilities Act."). The Board, not Commissioner Frenchko, is

---

[1] Plaintiff's supervisor is the Board's Clerk, but Plaintiff performs work for the Board of Commissioners. Plaintiff did not allege that Defendant Frenchko is Plaintiff's "supervisor" or her "employer," but both arguments are being addressed for the sake of completeness.

Plaintiff's employer. Accordingly, Plaintiff's Title VII claim against Commissioner Frenchko individually must be dismissed.

### 2. Plaintiff Failed to Allege a Plausible Theory of Title VII Liability against the Board.

"In order to establish a claim of hostile-environment ancestry harassment, the plaintiff must show (1) that the harassment was unwelcome, (2) that the harassment was based on appellant's ancestry, (3) that the harassing conduct was sufficiently severe or pervasive to affect the 'terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment,' and (4) that either (a) the harassment was committed by a supervisor, or (b) the employer, through its agents or supervisory personnel, knew or should have known of the harassment and failed to take immediate and appropriate corrective action. *Gatsios v. Timken Co.*, 2012-Ohio-2875, ¶ 34 (5th Dist.); *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007) (race discrimination). At issue in this motion is prong 4.

"Under Title VII, an employer's liability for the acts of an employee or another third party is necessarily 'predicated on some theory of agency.'" *Van Domelen v. Menominee County*, 935 F. Supp. 918, 922, *8-9 (W.D. Mich. 1996) (quoting *Rowinsky v. Bryan Ind. Sch. Dist.*, 80 F.3d 1006, 1010 n.11 (5th Cir. 1996)). See also, *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 183 (6th Cir. 1992) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72, 106 S. Ct. 2399, 2408, 91 L. Ed. 2d 49 (1986) for the proposition that "courts should base liability determinations [under Title VII] on agency principles"), *cert. denied*, 506 U.S. 1041, 113 S. Ct. 831 (1992).

Plaintiff made only two allegations from which inferences about agency might be drawn.

9. At all times, Frenchko is and was a Trumbull County Commissioner.

* * *

> 36. As an employee of the Trumbull County Commissioner's Office [*sic*], the Trumbull County Commissioners are **vicariously liable** for the conduct and behavior of Frenchko.

(ECF No. 24, bold added.)

Vicarious liability is a doctrine that imposes liability on an employer for the unlawful acts of a supervisor who is empowered by that employer to take tangible employment actions against an employee. *Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013). Plaintiff has not alleged any facts from which the Court might infer that vicarious liability applies to this situation. For example, Plaintiff did not allege that Commissioner Frenchko is her supervisor. Nor can she. As a matter of law, Commissioner Frenchko cannot effect any "significant change in [Plaintiff's] employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.* at 431. Commissioner Frenchko is one of three commissioners, none of whom has any individual authority to effect significant changes in Plaintiff's employment status. *See* 1990 Ohio Op. Att'y Gen. No. 90-028 (Apr. 11, 1990) (internal citations omitted) ("It is, however, axiomatic that decisions of a public body in Ohio are by concurrence of a majority. Further, the members of a public body have no power to act individually; they must act as a body.")

Additionally, and as a matter of law, Commissioner Frenchko has no employment relationship with the Board. The Board did not appoint Commissioner Frenchko, nor can it remove her from office. Commissioner Frenchko was elected by the voters of Trumbull County. *See* R.C. 305.01. Accordingly, the Board lacks any meaningful authority or control over her. *Van Domelen*, 935 F.Supp. 918 (granting summary judgment to county on Title VII sexual harassment claim because board of commissioners had no real control over independently elected court clerk who

allegedly harassed plaintiff); *see also*, *Riley v. County of Cook*, 682 F. Supp. 2d 856, 860, *9-10 (N.D. Ill. 2010) (evaluating Section 1983 claim) ("Nor can the County be vicariously liable for the acts of Dart and his employees under a *respondeat superior* theory.  Because the sheriff is an independently-elected official, he answers directly to the electorate and does not have a master/servant relationship with the county board.  Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability.") (internal citations omitted).

Plaintiff's amended complaint fails to allege any plausible claim against the Board for vicarious liability under Title VII.  Accordingly, Count I should be dismissed in its entirety.

> **B.    PLAINTIFF FAILED TO STATE A PLAUSIBLE CLAIM FOR DEFAMATION AND IIED.**

To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). While the court must accept all factual allegations contained in the complaint as true, it need not show any deference to legal conclusions couched as allegations. *Twombly*, 550 U.S. at 555.

> **1.    Plaintiff's Amended Complaint Fails to Allege any Operative Facts from Which the Court Might Infer that Commissioner Frenchko made a False Statement of Fact about Her or that the Board is Liable for Any Such Statement.**

Count II of Plaintiff's complaint asserts a state-law claim for defamation. "In Ohio, the basic definition of defamation consists of a false publication, made with some degree of fault, reflecting injuriously on a person's reputation or exposing a person to public hatred, contempt,

ridicule, shame, or disgrace, or affecting a person adversely in his or her trade, business or profession." *Price v. Austintown Loc. Sch. Dist. Bd. of Edn.*, 2008-Ohio-4514, ¶ 25, 178 Ohio App. 3d 256, 262–63, 897 N.E.2d 700, 705 (internal citations omitted). To establish a defamation claim under Ohio law, the plaintiff must show: (1) that a false statement of fact was made, (2) that the statement was defamatory, (3) that the statement was published, (4) that the plaintiff suffered injury as a proximate result of the publication, and (5) that the defendant acted with the requisite degree of fault in publishing the statement. *Am. Chem. Soc'y v. Leadscope, Inc.*, 133 Ohio St.3d 366, 389, 978 N.E.2d 832, 852 (Ohio 2012) (quoting *Pollock v. Rashid*, 117 Ohio App.3d 361, 368, 690 N.E.2d 903, 908 (Ohio Ct. App. 1996)).

Plaintiff's amended complaint contains no operative facts to support her conclusory assertion that Commissioner Frenchko defamed her. Relative to this claim, Plaintiff alleged only that:

> 22. Frenchko repeatedly videotaped Plaintiff and posted said videos to social media with the specific intent of casting Plaintiff in false and unfavorable [*sic*] and otherwise slandering and defaming her. Some of these social media posts and videos contained depictions of Plaintiff's children and other family members.

\* \* \*

> 31. This behavior … included making false and defamatory statements about Plaintiff on social media and elsewhere.

\* \* \*

> 39. Frenchko made these statements publicly with knowledge of their falsity or with reckless disregard to the truth of the statements.

> 40. These false and defamatory statements constitute libel and libel per se under the law.

> 41. As a direct and proximate result of Frenchko's defamatory statements, Plaintiff was damaged and suffered emotional distress.

(ECF 24.)

Paragraph 22 of Plaintiff's amended complaint alleges that Commissioner Frenchko posted videos with the *intention* to defame her, but Plaintiff did not allege that the videos were defamatory. Neither did she allege how or why they were false and defamatory. She did not allege that the videos were manipulated or edited, but neither would those allegations suffice to state a claim. *See Thompson v. Stealth Investigations, Inc.*, 2010-Ohio-2844, P7, 2010 Ohio App. LEXIS 2323, *3, 2010 WL 2499704 (affirming dismissal of defamation claim for failure to allege false statement when plaintiff merely alleged that defendant investigator conducted video surveillance of him, that the tapes were edited, and certain portions of the tapes were omitted before they were submitted to attorneys, doctors, workers compensation and the courts);; *Cf. King Memory LLC v. Computer Memory Solutions, Inc.*, 2017 U.S. Dist. LEXIS 384, *6, 2017 WL 57866 (S.D. Ohio Jan. 3, 2017) (plausible defamation claim stated when plaintiffs explicitly alleged that Defendant "falsely accused [plaintiffs] of trademark infringement and other illegal trade practices" and "falsely[,] intentionally, willfully, and knowingly reported to Amazon that [plaintiffs were] engaging in trademark infringement and other illegal trade practices.").

Paragraphs 31 and 39-41 of Plaintiff's amended complaint contain no facts whatsoever. The allegations in those paragraphs are mere legal conclusions which are not entitled to any deference from the Court. *Jackson v. Prof'l Radiology Inc.*, 864 F.3d 463, 466 (6th Cir. 2017). *See Carpenter v. Kaiser Found. Health Plan of Ohio*, 2005 U.S. Dist. LEXIS 9465, *23, 2005 WL 1123611 (N.D. Ohio, May 11, 2005) ("Carpenter's allegation that, 'Defendant made false statements to others causing injury to Carpenter's reputation and adversely affecting him in his trade or business,' … is solely a legal conclusion. ... Carpenter does not allege what the statements were, how they were published, or who made them, and therefore his complaint fails to sufficiently

notify Kaiser of the claim against it."); [2] *Griffin v. Summit County*, 2011 U.S. Dist. LEXIS 15602, *24-25, 2011 WL 646872 (N.D. Ohio, Feb. 16, 2011) ("Plaintiff has done nothing more than provide a 'formulaic recitation of the elements' of defamation, with no attempt to set forth the facts giving rise to his claim, either in the fact section of his Complaint or in the statement of his second claim for relief. For these reasons, Plaintiff's defamation claim must fail.")

Plaintiff's amended complaint is similarly flawed.  Her conclusory assertions beg the fundamental question -- what allegedly false and defamatory statements did Commissioner Frenchko make? *Ultimate Appliance v. Kirby Co.*, 2008 U.S. Dist. LEXIS 140907, *23 (N.D. Ohio, Sept. 30, 2008) (dismissing defamation claim because "this Court is not willing to force Kirby to guess at what the false or defamatory statements might be, or to whom they were made"). Moreover, what allegations support Plaintiff's apparent theory that the Defendant Board is liable for allegedly defamatory statements made by a commissioner over whom it has no control? [3]  On the facts alleged, Plaintiff's defamation claim is simply not plausible – against Commissioner Frenchko or the Board.

> 2. **As a Matter of Law, Plaintiff's Amended Complaint Fails to Allege Conduct that Rises to the Level of IIED or a Serious Emotional Injury.**

Count III of Plaintiff's amended complaint asserts a state-law claim for intentional infliction of emotional distress ("IIED"). To establish a claim for intentional infliction of emotional distress ("IIED"), the plaintiff must show the following elements:

> 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous as to go "beyond all possible bounds of decency" and was such that it can be considered as "utterly intolerable in a civilized community"; 3) that the actor's actions were the proximate

---

[2] To date, Plaintiff has refused to identify the allegedly defamatory statements in discovery.
[3] In response to a request for admission, Plaintiff denied that her defamation claim was brought against Commissioner Frenchko individually.

cause of plaintiff's psychic injury; and 4) that the mental anguish suffered by plaintiff is serious and of a nature that "no reasonable man could be expected to endure it."

*Tschantz v. Ferguson,* 647 N.E.2d 507 (Ohio Ct. App. 1994) (citations omitted).

### a. The Alleged Conduct Does Not Rise to the Level Required to State an IIED Claim.

The question of whether conduct is "extreme and outrageous" is a matter of law for the Court. *Mender v. Chauncey*, 41 N.E.3d 1289, 1299 (Ohio Ct. App. 2015). Thus, "[i]t is well accepted that intentional infliction of emotional distress claims may entirely appropriately be dealt with on summary judgment or in a motion to dismiss." *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 88 F. Supp. 3d 812, 821 (N.D. Ohio 2015) (quoting *Miller v. Currie*, 50 F.3d 373, 377–78 (6th Cir. 1995)).

In Ohio, claims of intentional infliction of emotional distress demand a virtually insurmountable burden of proof…." *Clay v. Shriver Allison Courtley Co.*, 2018-Ohio-3371, ¶ 97, 118 N.E.3d 1027, 1045 (Ohio Ct. App.), *appeal not allowed*, 116 N.E.3d 1289 (Ohio 2019). "[T]he bar is, if anything, even higher in the employment context." *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1103 (S.D. Ohio 2021) (citing *Culler v. Exal Corp.*, 193 F. Supp. 3d 850, 852–53 (N.D. Ohio 2016). It is not even enough that a defendant "acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress." *Yeager v. Loc. Union 20*, 453 N.E.2d 666 (Ohio 1983)). The conduct at issue must be "atrocious" and "utterly intolerable." *Id.*

"Ohio courts have repeatedly held that even admittedly cruel and insensitive conduct does not rise to the level of the extreme and outrageous conduct required to support recovery for intentional infliction of emotional distress." *Roelen v. Akron Beacon J.*, 199 F. Supp. 2d 685, 696 (N.D. Ohio 2002). A discriminatory termination "does not rise to the level of 'extreme and

outrageous conduct' without proof of something more. *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir.1999). *See also*, *Adkins v. DuPont Vespel Parts & Shapes, Inc.*, No. 88352, 2007 WL 1643208, at * 2 (Ohio Ct. App. June 7, 2007) ("falsely accusing [the plaintiff] of engaging in sexual harassment and violating" the company's policies, is not extreme or outrageous conduct); *Rossi v. Alcoa, Inc.*, 129 F. App'x 154, 159 (6th Cir. 2005) (evidence that employee was treated "harshly, rudely, and unfairly" by supervisor was insufficient to sustain IIED claim); *Hill v. Village of West Lafayette,* No. 95 CA 27, 1996 WL 487943, at *4–6 (Ohio Ct.App. May 24, 1996) (employer's false disciplinary charges and defamatory conduct was not sufficiently extreme or outrageous); *Cook v. Midwest Indus. Cont. Servs. LLC*, No. 4:16CV1677, 2016 WL 6962626, at *2 (N.D. Ohio Nov. 29, 2016) (complaint failed to state IIED claim even though plaintiff, who suffered from several medical conditions and disabilities including OCD, depression and anxiety was denied FMLA leave and repeatedly told to "suck it up" or return to work); *Wolfe v. Thermo Fisher Scientific, Inc.,* No. 08–933, 2009 WL 1255023, at *1–3 (S.D. Ohio May 4, 2009) (employer falsely imprisoning plaintiff for four hours with no food or water while interrogating, intimidating, harassing, and embarrassing her was insufficiently extreme or outrageous); *Rubin v. Ford Motor Co.,* No. 04–836, 2006 WL 2128934, at *5–6 (S.D. Ohio July 27, 2006) (employer's "intentional, offensive and unjustified pattern of conduct (both verbal and physical)," including poking and swearing at plaintiff, was insufficiently extreme or outrageous).

"Cruel and insensitive" is the worst one can infer from Plaintiff's allegations that Commissioner Frenchko:

- Referred to Italian persons using mafia-related references and allegedly called them "greasy" and "sausage makers." (¶ 11, ¶15)

- Insulted county employees generally, calling them "henchmen," "minions," "hacks," and "flying monkeys." (¶ 13)

- Sent cyber-bullying/harassing emails to Plaintiff and others (the content of which is unspecified). (¶ 21)

- Voted against Plaintiff's appointment as assistant clerk (though she was appointed to the position anyways and still holds it, ¶ 8). (¶ 20)

- Derided and embarrassed Plaintiff in the media and to others in the commissioners' office. (¶ 32, ¶ 33)

- Publicly criticized Plaintiff and her work ethic and accused her of being a liar. (¶ 18)

- Defamed her somehow.

(ECF 24.)

Even assuming the truth of these allegations in the aggregate, Plaintiff still has not alleged conduct that rises to the level of "atrocious" or "utterly intolerable" -- notwithstanding her new allegations that certain witnesses testified in another case that Commissioner Frenchko's conduct *was* "extreme," "outrageous," "beyond the bounds of decency" and "intolerable." (ECF No. 24, ¶¶ 24-26.) These are not factual allegations; they are legal conclusions offered by unqualified fact witnesses.

### b. Plaintiff Did Not Plausibly Allege that She Suffered a Severe or Debilitating Injury.

Notably absent from Plaintiff's amended complaint are any allegations bolstering her claim of serious emotional injury.

Serious emotional distress "goes beyond a trifling mental disturbance, mere upset, or hurt feelings, as it describes an emotional injury which is both severe and debilitating." *Godfredson v. Hess & Clark, Inc.,* 173 F.3d 365, 376 (6th Cir. 1999) (internal citation and quotation marks omitted). *See also Paugh v. Hanks,* 451 N.E.2d 759, 765 (Ohio 1983) ("A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia.").

{02602640}13

"Where the plaintiff has failed to sufficiently plead that he is debilitated or suffers from a mental condition sufficient to constitute serious emotional distress, dismissal is appropriate under Rule 12(b)(6)." *Jackson v. City of Columbus*, 67 F. Supp. 2d 839, 868 (S.D. Ohio 1998), *aff'd in part, rev'd in part,* 194 F.3d 737 (6th Cir. 1999) (dismissing IIED claim for failure to state a claim where plaintiff alleged only that the "extreme, outrageous and intentional conduct" of the defendants caused him "to suffer extreme and severe emotional distress and outrage[.]"). *See also*, *Harris v. Pentair Flow Techs., LLC*, No. 1:19-CV-2180, 2020 WL 2558028, at *7 (N.D. Ohio May 20, 2020) (IIED claim dismissed because allegation that plaintiff "suffered mental anguish and depression" was conclusory and insufficient to plead a severe and debilitating emotional injury).

Plaintiff did not allege any facts in her complaint from which the Court might infer that she suffered a severe and debilitating emotional injury. (In fact, Plaintiff implicitly concedes that she is not debilitated because she remains employed by the Board.) Plaintiff's only allegations vis-à-vis her alleged emotional injury include:

- "As a direct and proximate result of Frenchko's hostile and abusive treatment of Plaintiff based on her Italian heritage, Plaintiff has suffered humiliation and emotional damages requiring her to seek mental health treatment." (¶ 35.)

- "Frenchko displayed conduct towards Plaintiff which was so outrageous so as to shock the conscious [sic] of ordinary individuals and acted with the express purpose of causing Plaintiff emotional distress so severe that it could be expected to adversely affect her mental health." (¶ 44.)

- "Frenchko's conduct constitutes intentional infliction of emotional distress, which Plaintiff directly and proximately suffered." (¶ 45.)

These conclusory allegations are just as inadequate as those that warranted dismissal in *Jackson* and *Harris*. *See also, Swartz v. Carlo*, No. 1:12CV3112, 2015 WL 1022073, at *5 (N.D. Ohio Mar. 6, 2015) (adopting magistrate's recommendation to dismiss IIED claim because allegations that defendant "directly and proximately caused Plaintiffs serious emotional distress," and that

plaintiffs "have suffered, or continue to suffer, injury to their personal and professional reputations, pain, and mental anguish which is continuing in nature," did not allow court to infer an "emotional injury which is both severe and debilitating," or that plaintiffs were "unable to cope adequately with the mental distress engendered by the circumstances of the case.")

    **C.    ANY ALLEGEDLY DEFAMATORY STATEMENTS FIRST PUBLISHED BEFORE JULY 6, 2021 ARE TIME-BARRED.**

Ohio's statute of limitations for defamation is one year. R.C. 2305.11(A). The statute starts to run on the first date the allegedly defamatory statement was made, without regard to subsequent publications. *T.S. v. Plain Dealer*, 194 Ohio App. 3d 30, 33, 2011-Ohio-2935, P12; *Newton v. Ellis*, 2018 U.S. Dist. LEXIS 71228, *22, 2018 WL 1991722 (N.D. Ohio Apr. 27, 2018). There is no indication in the complaint about when Commissioner Frenchko's first published any allegedly defamatory statement, but we do know that Plaintiff filed her initial complaint on July 6, 2022. Thus, only those defamatory statements first published *after* July 6, 2021 are actionable. All other allegedly defamatory statements are time-barred.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court grant their motion for judgment on the pleadings and dismiss Plaintiff's amended complaint in its entirety.

    MEYERS, ROMAN, FRIEDBERG & LEWIS

    <u>s/Kathleen M. Minahan</u>
    KATHLEEN M. MINAHAN (0064989)
    Eton Tower
    28601 Chagrin Blvd.
    Cleveland, OH 44122
    (216) 831-0042
    (216) 831-0542– Fax
    Email:   kminahan@meyersroman.com
    *Counsel for Defendants*