IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LISA DeNUNZIO BLAIR | ) | CASE NO. 4:22-cv-01192 |
| | ) | |
| Plaintiff | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | **PLAINTIFF'S BRIEF IN OPPOSITION** |
| MICHELLE NICOLE FRENCHKO, et al. | ) | **TO DEFENDANTS' MOTION FOR** |
| | ) | **JUDGMENT ON THE PLEADINGS** |
| Defendants | ) | |

Now comes Plaintiff Lisa DeNunzio Blair ("Plaintiff"), by and through counsel, for her Brief in Opposition to the Motion for Judgment on the Pleadings filed by Defendants Michelle Frenchko ("Frenchko") and the Trumbull County Commissioners (the "Commissioners") (collectively, "Defendants"), and states as follows:

## I. INTRODUCTION

Plaintiff's Amended Complaint in this case raises claims against Defendants for discrimination based on national origin under Title VII of the Civil Rights Act of 1964 (Count One), defamation (Count Two), and intentional infliction of emotional distress (Count Three). Defendants have moved for judgment on the pleadings as to all Counts. This is Defendants' second Motion for Judgment on the Pleadings in this matter. Defendants previously filed a partial one against Plaintiff's initial Complaint for which the Court granted and denied in part. The only difference between the current Motion and the preceding one is that now Defendants request that Plaintiff's defamation claim be dismissed, as well as any claims against the Commissioners. Defendants' Motion should be denied because (1) Defendants can be sued under Title VII as to

Count One, (2) Plaintiff has adequately pled the elements necessary to state a claim for defamation as to Count Two and (3) Plaintiff has adequately pled the elements necessary to state a claim for intentional infliction of emotional distress as to Count Three. Lastly, Plaintiff's request for punitive damages should not be stricken. These, and other issues raised in Defendants' Motion, will be discussed more fully below.

## II. FACTS

Plaintiff's claims arise out of her employment with the Commissioners and the discriminatory, extreme, and outrageous conduct she was subjected to at the hands of Commissioner Frenchko. The Complaint contains numerous examples of this conduct, which is summarized below, and must be accepted as true for the purposes of a motion for judgment on the pleadings.

Upon being elected as a Commissioner, Frenchko immediately took office with a list of employees she wanted fired, including Plaintiff. (Amend. Compl., ¶ 10.) She then proceeded to make the work environment hostile for all employees, including Plaintiff. This hostile work environment manifested itself through conduct which included, but is not limited to, the following:

- Derisive statements about Italian American employees (which Plaintiff is), likening to them to mafia and organized crime members. (Id., ¶¶ 11-12.)

- Commenting on social media sites about Trumbull County employees being "henchmen," "minions," and "hacks." (Id., ¶ 13.)

- Describing the Trumbull County government as a "swamp," and her staff as "flying monkeys." (Id.)

- Referring to Italian American employees at Trumbull County as "greasy," "sausage makers," and likening them to characters in "The Godfather" movies. (Id., ¶ 15.)

- Making cyber-bullying comments on the internet and sending harassing emails to Plaintiff and others that included accusations that Plaintiff was a liar. (Id., ¶¶ 17-18; 21.)

- Voting "no" on Plaintiff's application to become a permanent "assistant clerk" after instructing Plaintiff to file the application. (Id., ¶ 20.)

- Video recording and posting videos on social media to cast Plaintiff in a false, unflattering, and defamatory light. (Id., ¶ 22.)

As a result of Frenchko's conduct in her position as Commissioner, the Trumbull County Director of Human Resources conducted an investigation and concluded as follows:

> After interviewing, listening and comparing the statements given by these women, it is obvious to me these situations did occur. Many of the same items and concerns were reported by several women. … In my role as Director of Human Resources, I am disappointed in the lack of leadership skills shown by Commissioner Frenchko. From my viewpoint, if it were a department head or other management engaging in these obnoxious behaviors, disciplinary action would be warranted and applied. … The evidence from my investigation supports a claim of a hostile work environment.

(Id., ¶ 23.) Furthermore, in the separate but similar matter of *Gedeon v. Frenchko, et al. (Northern District of Ohio Case No. 4:22-cv-00441)*, sworn testimony by other employees and commissioners state that that Frenchko's actions toward Plaintiff were outrageous, intolerable, and created a hostile work environment. (Id., ¶¶ 24-26.)

As a result of the above, Plaintiff brought this case alleging claims for discrimination, defamation, and intentional infliction of emotional distress. Defendants have moved for judgment on the pleadings as to all claims. Further pertinent facts are discussed below.

### III. DISCUSSION

#### A. Standard of Review

When a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is based on the argument that the complaint fails to state a claim upon which relief may be granted, the Court employs the same legal standard as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987) ("Where the Rule 12(b)(6) defense is raised by a Rule 12(c) motion for judgment on the pleadings, we must apply the standard for a Rule 12(b)(6)

motion"). The Court will grant the Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal quotation marks omitted). The Court must construe "all well-pleaded material allegations of the pleadings of the opposing party...as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id*. at 581 (internal quotation marks omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. **Defendant Frenchko can be sued under Title VII in her official capacity as a County Commissioner.**

Defendants argue that Frenchko cannot be individually liable for Plaintiff's national origin/ancestry discrimination claims in Count One. It must be noted that this issue was already ruled on by the Court in Defendants' Motion for Judgment on the Pleadings for the initial Complaint. The Court in its opinion found there to be no prejudice in maintaining a claim against Defendant Frenchko in her official capacity and Plaintiff conceded to the individual claim. Therefore, this issue has already been ruled on and Defendants' argument is moot.

### B. **Defendant Trumbull County Commissioners can be sued under Title VII.**

Defendants, in their Motion, claim that Plaintiff cannot sue the Commissioners under Title VII because Commissioner Frenchko was not an agent of the Commissioners and the Commissioners lacked authority over her actions. For claims under Title VII, employer liability is determined based upon agency principles. *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 183 (6th Cir. 1992). "Only when a public official is working in an official capacity can that official be said to be an "agent" of the government." *Harvey v. Blake*, 913 F.2d 226, 228 (5th Cir.1990).

Here, the Commissioner Board is made up of three elected individuals called commissioners. Without the commissioners, there is no board. They are one in the same. Frenchko is a member and part of the Commissioners. Plaintiff was an employee for the Commissioners while Frenchko was an acting commissioner. Therefore, when Frenchko was discriminating against Plaintiff through her official capacity, she was doing so as an agent and as part of the Commissioners. In fact, the Court in its ruling on the previous Motion for Judgment on the Pleadings came to the same conclusion:

> Plaintiff concedes that she cannot maintain a claim against Commissioner Frenchko in her individual capacity. However, Plaintiff asserts that a claim against Commissioner Frenchko in her official capacity is proper and permissible. **While such a claim is duplicative of the claim against the Board**, the Court finds no prejudice in allowing such an official capacity claim to be maintained.

Therefore, the fact that other members of the Commissioners lacked the ability to control Frenchko's actions is immaterial because Frenchko's actions constituted the Commissioners' actions. Furthermore, in Defendants' first argument, they argue that Frenchko cannot be sued individually and now they claim Frenchko cannot be sued in her official capacity either. With Defendants' logic, government officials can treat their employees discriminately without any liability or repercussions. Defendants cannot have their cake and eat it too. In other words, Defendants cannot in the same motion state that Plaintiff is barred from having a claim against Frenchko in her individual capacity and as part of the Board of Commissioners. The law clearly shows that Frenchko's acts of discrimination of the Commissioners' employees is considered the acts of the Commissioners itself. Therefore, Plaintiff does maintain a Title VII claim against the Board of Commissioners.

### C. Plaintiff Has Stated a Plausible Claim for Defamation.

Defendants argue that Plaintiff fails to state a plausible claim for defamation. "Whether a given statement is defamatory is a matter of law for the Court to decide." *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1092 (S.D. Ohio 2021). "In order to maintain an action for defamation, Ohio law requires a Plaintiff to prove: '(1) a false and defamatory statement; (2) about plaintiff; (3) published without privilege to a third party; (4) with fault of at least negligence on the part of the defendant; ... (5) that was either defamatory *per se* or caused special harm to the plaintiff.'" *Shock v. St. Rita's Med. Ctr.*, No. 3:12-CV-1240, 2012 WL 5354571, at *4 (N.D. Ohio Oct. 29, 2012) (quoting *Gosden v. Louis*, 116 Ohio App.3d 195, 206, 687 N.E.2d 481 (Ohio Ct.App.1996)). Lastly, regarding the specificity of pleadings, "a defamation complaint must allege the substance of the allegedly defamatory statements although they need not be set out verbatim. *Doe v. Univ. of Dayton*, No. 3:17-CV-134, 2018 WL 1393894, at *5 (S.D. Ohio Mar. 20, 2018), *aff'd*, 766 F. App'x 275 (6th Cir. 2019).

Defendants, in their Motion, argue that Plaintiff failed to provide any operative facts in her Amended Complaint to support her claim for defamation. However, Plaintiff has sufficiently pled a claim for defamation. In her Amended Complaint, Plaintiff states that Frenchko would repeatedly record Plaintiff and then post videos to social media of those videos in order to cast Plaintiff in a false and unfavorable light, resulting in slander and defamation. These videos and/or posts would not only attack Plaintiff, but also her children and family members. Furthermore, Plaintiff's Amended Complaint alleges that Frenchko had called her a "henchman", "minion", and "hack." While these terms support Plaintiff's claim for discrimination under Title VII, they also support her claim for Defamation. As stated previously, all Plaintiff needs to show in order to allege defamation in her pleadings is to provide the substance of the statements. Actual verbatim

is not required. Therefore, Plaintiff has sufficiently alleged defamation in her Amended Complaint.

Lastly, Defendants shed light on the statute of limitations regarding claims of defamation. In their Motion, Defendants state that any claims for defamation should be barred if they were first published prior to a year from the filing of the Complaint (*i.e.*, July 6, 2021). While Plaintiff appreciates Defendants informing all parties as to the statute of limitations for the claim, such a request is purely hypothetical. Therefore, there is nothing for the Court to rule on at this time. This is an issue that, if necessary, can be addressed during the discovery process and through a motion for summary judgment.

### D. **Plaintiff Has Stated a Plausible Claim for IIED.**

Defendants argue that Plaintiff's Amended Complaint fails to state a claim for intentional infliction of emotional distress ("IIED") on the basis that Plaintiff has (1) failed to allege that the conduct does not rise to the required level to state an IIED Claim, and (2) Plaintiff has failed to sufficiently allege a severe emotional injury. The elements of a claim for intentional infliction of emotional distress are: (1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) that the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) that the actor's actions were the proximate cause of plaintiff's psychic injury; and (4) that the mental anguish suffered by plaintiff is serious and of a nature that no reasonable man could be expected to endure it. *Pyle v. Pyle*, 11 Ohio App.3d 31, 34, 463 N.E.2d 98, 103 (1983). "'Under Ohio law, in order to prove a claim of [IIED], the plaintiff must show that the defendant intentionally or recklessly caused him serious emotional distress by extreme and outrageous conduct.'" *Burke v.*

*Anglin*, No. 2:19-CV-2006, 2020 WL 13453596, at *3 (S.D. Ohio Oct. 21, 2020) (*quoting Stafford v. Clever Investigations, Inc.*, No. 06AP-1204, 2007 WL 2800333, at *2 (Ohio Ct. App. Sept. 27, 2007)). "Conduct is 'extreme and outrageous' when it 'go[es] beyond all possible bounds of decency, and [would] be regarded as atrocious, and utterly intolerable in a civilized community.'" *Spencer v. Cleveland Clinic Found.,* No. 1:21-CV-01909, 2022 WL 2954175, at *6 (N.D. Ohio July 26, 2022) (quoting *Yeager v. Local Union 20*, 453 N.E.2d 666 (1983)).

Defendants first argue that Plaintiff has failed to state a claim for IIED because the alleged conduct fails to rise to the required level. Plaintiff's Amended Complaint details the extreme and outrageous conduct that Frenchko – in a position of immense authority – directed towards Plaintiff and other employees in Trumbull County. This Court can review these allegations to determine whether they meet the pleading standards for an IIED claim. In short, Frenchko made highly offensive comments about Italian Americans being "greasy," "sausage makers," and comparing them to mafia members in the movies. She also referred to Trumbull County workers like Plaintiff as "minions," "hacks," and "flying monkeys." (Amend. Compl., ¶¶ 13, 15.) Not satisfied with disparaging Plaintiff at the office, Frenchko took to social media to make defaming statements about Plaintiff and her family members. (Id., ¶ 22.) These are just some of the many allegations contained in Plaintiff's Amended Complaint that resulted in Plaintiff seeking psychological treatment. These allegations also resulted in an investigation by the Trumbull County Director of Human Resources who ultimately determined the many allegations against Frenchko did occur and amounted to a claim for a "hostile work environment." (Id., ¶ 23.)

Despite these allegations, Defendants argue that judgment on the pleadings should be granted in their favor because – as a matter of law – these allegations do not constitute a claim for intentional infliction of emotional distress. In support, Defendants cite to a string of cases at pages

11 and 12 of their Motion. (Doc. #: 31; Page ID #242-243.) Not surprisingly, a majority of these cases are decided on **summary judgment**. That is all that Plaintiff is seeking in this case, *i.e.*, a chance to prove her well-pled allegations of extreme and outrageous conduct. Therefore, Plaintiff respectfully requests Defendants' Motion for Judgment on the Pleadings be denied on this basis.

Of the cases decided on motions to dismiss, the pleadings in those cases clearly did not state a plausible IIED claim. For example, in *Culler v. Exal Corp.*, 193 F. Supp.3d 850, 852–53 (N.D. Ohio 2016), the plaintiff was arrested for drug possession and subsequently failed a drug screening with the defendant-employer. The employer suspended him for 10 days for treatment, and ultimately decided to terminate him. This can hardly be considered extreme and outrageous conduct by the employer. Likewise, in *Cook v. Midwest Indus. Cont. Servs. LLC*, No. 4:16CV1677, 2016 WL 6962626, (N.D. Ohio Nov. 29, 2016), the only allegation was that, after the plaintiff told his supervisor that he "needed help at work" because he was suffering from various mental health and medical ailments, the supervisor twice told him to "suck it up." Those isolated statements did not meet the pleading requirements for an IIED claim. Lastly, in *Mitchell v. Fujitec Am., Inc.*, 518 F. Supp. 3d 1073, 1085–86 (S.D. Ohio 2021), one of the many claims raised by the plaintiff was an IIED claim for a co-worker falsely accusing him of sexual harassment. In a lengthy opinion addressing numerous other claims (and holding many of these claims survived a motion to dismiss), the district court ultimately dismissed the IIED claim because falsely accusing a co-worker of sexual harassment did not qualify as extreme and outrageous conduct.

Lastly, Plaintiff in her Amended Complaint references sworn testimony by other employees and commissioners who found Frenchko's actions to be "atrocious", "utterly intolerable", "extreme and outrageous", and "beyond the bounds of decency." Such statements

are more than enough to demonstrate a plausible claim for IIED at this point in the proceedings. Defendants argue that these are not factual allegations but rather legal conclusions from unqualified witnesses. However, these allegations come from the testimony of sworn individuals in a similarly related proceeding arising out of the same common nucleus of operative facts. Therefore, the language from these individuals comes from qualified factual witnesses whose testimony must be assumed true based solely on the pleadings.

In summary, Plaintiff has pled sufficient allegations to state a potentially viable claim against Defendants for IIED, including a finding by the Director of Human Resources that Frenchko created a "hostile work environment." Defendants will have the opportunity to refute these allegations and/or put them in whatever context they feel would make these actions appropriate and not "extreme and outrageous." However, for purposes of a motion for judgment on the pleadings, Plaintiff has met her burden; therefore, Defendants' Motion should be denied.

With respect to Plaintiff's emotional injury, she has pled that Frenchko's conduct was an obvious attempt to make the work environment so hostile that Plaintiff and others would be forced to resign from their employment with the Commissioners. (Amend. Compl., ¶ 43.) As a result, Plaintiff has pled, *inter alia*, that she "has suffered humiliation and emotional damages requiring her to seek mental health treatment" (Id., ¶ 35) and that she proximately suffered "emotional distress so severe that it could be expected to adversely affect her mental health." (Compl., ¶ 44.)

At the pleading stage, Plaintiff has met her burden of alleging a sufficiently severe emotional injury for purposes of an IIED claim. Specifically, the fact she has alleged Defendants' conduct caused her to seek mental health treatment is sufficient for the purposes of pleading an IIED claim. *See, e.g., Cruz v. Eng. Nanny & Governess Sch. Inc.*, 2017-Ohio-4176, 92 N.E.3d 143, ¶ 54 (8th Dist.) ("The relevant case law surrounding the tort of intentional infliction of

emotional distress seems to focus on whether the plaintiff sought medical or psychological treatment for the alleged emotional distress.") Therefore, Defendants' Motion for Judgment on the Pleadings should be denied on this basis.

IV. **CONCLUSION**

For the above reasons, Plaintiff respectfully requests Defendants' Motion for Judgment on the Pleadings be denied.

                                                Respectfully submitted,

                                                */s/ Dennis R. Fogarty*
                                                DENNIS R. FOGARTY (0055563)
                                                MATTHEW P. BARINGER (0082694)
                                                RYAN J. KUN (0102526)
                                                **DAVIS & YOUNG**
                                                35000 Chardon Road, Suite 100
                                                Willoughby Hills, OH 44094
                                                T: (216) 348-1700
                                                F: (216) 621-0602
                                                Email: dfogarty@davisyoung.com
                                                               mbaringer@davisyoung.com
                                                               rkun@davisyoung.com
                                                ***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the Court on May 22, 2023. Notice of this filing will be sent by operation of the Court's case management and electronic case filing system. Parties may access this filing through the Court's case management and electronic case filing system.

                                                */s/ Dennis R. Fogarty*
                                                DENNIS R. FOGARTY (0055563)
                                                MATTHEW P. BARINGER (0082694)
                                                RYAN J. KUN (0102526)
                                                ***Attorneys for Plaintiff***