UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA DeNUNZIO BLAIR, | ) | CASE NO: 4:22-cv-01192-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| MICHELLE NICOLE FRENCHKO, et al. | ) | |
| | ) | (Resolves Doc. 31) |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendants' second Rule 12(c) motion for judgment on the pleadings (Doc. 31) filed by Defendants Michelle Nicole Frenchko and the Trumbull County Commissioners in response to Plaintiff Lisa DeNunzio Blair's amended complaint. (Doc. 24) Defendants allege that there is an insufficient factual and legal basis for Counts I, II, and III of the amended complaint and seek complete dismissal.  Upon review, the motion is GRANTED IN PART AND DENIED IN PART AS MOOT.

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12

(6th Cir. 2001). The Sixth Circuit stated the standard for reviewing such a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id*. at 548.

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id*. Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

Defendants' first contention is that Plaintiff cannot bring her claim under Title VII of the Civil Rights Act of 1964 contained within Count I against Frenchko individually. This question

was already decided in the Court's Order of January 9, 2023, and is moot because Plaintiff's amended complaint does not make an individual claim against Frenchko. This Court's ruling remains that Plaintiff may not assert a claim against Frenchko personally, but may assert a claim against her in her official capacity.

Defendants' second contention is that Plaintiff's Title VII claim against the entity of the Board of Commissioners is legally insufficient because Frenchko does not have supervisory authority over Plaintiff because she is one of three Commissioners who vote on significant changes in Plaintiff's employment status, such as her alleged discriminatory failure to be promoted. As part of this contention, Defendants also allege that Frenchko does not have the necessary employment relationship with the Board to create a viable theory of liability for the Board as a result of any of her acts because the Board cannot remove Frenchko from office or otherwise control her conduct.

Title VII states that "it shall be an unlawful employment practice for an employer" to discriminate on the basis of race or national origin. 42 U.S.C. § 2000e–2(a). A person who experiences such discrimination may bring a civil action against their "employer." 42 U.S.C. § 2000e–5(b). "Employer" is defined to mean "a person engaged in an industry affecting commerce who has fifteen or more employees ... and any agent of such person." 42 U.S.C. § 2000e(b). "Person" is defined to include governments or governmental agencies. 42 U.S.C. § 2000e(a). "Agent" is not statutorily defined within Title VII, but has been interpreted to mean an individual who "serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *Pierce v. Cmmw. Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir. 1994) (quoting *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir.1993)).

While The Board appears to generically qualify as an employer under Title VII, the alleged actions of Frenchko are not the actions of the Board as a body, which may only act by majority

vote. Plaintiff has not alleged that she has suffered any discrimination as the result of an act of the Board as a whole, nor has she alleged any conduct of Frenchko that has sufficiently influenced the Board in any meaningful manner.

The Court thus turns to the question of whether the Board has liability on the theory of Frenchko acting as the Board's agent. The purpose of the agent provision is to incorporate respondeat superior liability into the statute. *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Here, because the Board as an entity is legally incapable of taking corrective action against Frenchko as an elected official, applying respondeat superior liability does not fulfill its purpose, i.e., the master answering for the actions of the servant. For such a relationship to exist, one party must have controlling authority over another. The specific facts alleged to have been engaged in by Frenchko, coupled with the fact the Board has no authority over Frenchko, compels the conclusion that Frenchko was not acting as the Board's agent when engaged in the conduct alleged by Frenchko.[1]

As this Court's sole source of jurisdiction lays in the Federal question presented by Plaintiff's Title VII claim, with the conclusion that Title VII offers neither individual jurisdiction over Frenchko nor collective jurisdiction over the Board, the Court must dismiss the case for lack of subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's remaining state law claims.

For the foregoing reasons, Plaintiff's Title VII claims are DISMISSED, and as the remaining claims are only before this Court under supplemental jurisdiction, the Court declines to

---

[1] Plaintiff's sole argument on this issue is circular. Plaintiff claims that "without commissioners, there is no Board" and therefore Frenchko must be an agent of the Board. However, Plaintiff offers no argument that Frenchko was delegated the traditional rights of an employer. Moreover, contrary to Plaintiff's contention, this ruling does not result n the conclusion that Frenchko cannot be sued for her conduct. It merely concludes that the specific chosen cause of action and its accompanying allegations do not survive this Court's review.

reach them on the merits and those claims are dismissed without prejudice. This matter is hereby closed.

IT IS SO ORDERED.

<u>6/28/2023</u>                                     <u>*/s/ Judge John R. Adams*</u>
Date                                                      JUDGE JOHN R. ADAMS
                                                                          UNITED STATES DISTRICT COURT